**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BERRY MORROW,
ADC #143825                                                                                          PLAINTIFF

V.                                        5:13CV00098 SWW/JTR

DAVID KELLEY, Lieutenant,
Cummins Unit, ADC, et al.                                                                    DEFENDANT

**ORDER**

Plaintiff has filed this *pro se* § 1983 action alleging that Defendant Kelley used excessive force during a November 18, 2012 shake down of his single man cell at the Cummins Unit. Plaintiff as filed a Motion to Compel, and Defendant has filed a Response.[1] *Docs. 50 & 51.* Each discovery dispute will be addressed separately.

**I. Discussion**

**A.     Seizure of Documents**

Plaintiff alleges that, on March 15, 2014, ADC prison officials seized his legal notes, pens, statutory case notes, case law, and court rules from his cell. *Doc. 50.* Defendant has not responded to that particular allegation.

---

[1]Defendant argues that Plaintiff's Motion to Compel is premature and improper because he did not attempt to resolve the discovery dispute with him prior to seeking Court intervention, as required by Fed. R. Civ. P. 37(a)(1). *Doc. 51.* Because prisoners have limited access to telephones and mailing supplies, the Court's general practice is to not require them to confer in good faith prior to filing a Motion to Compel

Nevertheless, the Court has learned from other prisoner cases that ADC inmates are granted greater access to the prison library and their personal legal materials if they have an impending deadline to meet. *See* ADC Admin. Dir. 12-24 August 3, 2012). On April 16, 2014, the Court extended the discovery deadline until May 1, 2014, and the dispositive motion deadline until June 2, 2014. *Doc. 53.* Plaintiff should show the April 16, 2104 Order and/or this Order to ADC officials to gain access to the prison library and his personal legal materials *needed to meet those deadlines in this case*.

Any alleged interference with Plaintiff's ability to litigate *other lawsuits matters* must be addressed in either: (1) a motion filed in those other lawsuit; or (2) a new § 1983 case raising an access to the courts claim. Thus, the Motion to Compel is denied as to this request.

**B.     Requests for Production 5, 8, 9 & 11**

In these discovery requests, Plaintiff asked Defendant to produce "procedural statements" concerning: (1) "a planned use of force," (2) "religion and shake-downs," (3) the use of "restraints," and (4) "removal of inmates from cells, (i.e., extractions, general movements, etc.)" *Doc. 50 at 5, 6, & 7.* Defendant answered that he did "not understand" what documents Plaintiff was seeking. *Id.*

Plaintiff's request for information about policies regarding religion and the

general movement of prisoners is improper because it seeks information that is not relevant to the legal claims remaining in this lawsuit. *Doc. 49.* In contrast, Plaintiff's request for information about ADC policies and directives regarding the planned use of force, shake-downs, and the use of restraints could be relevant to his remaining excessive force claim.

Without guessing, it is impossible to understand what Plaintiff means in asking Defendants to produce "procedural statements" about various matters. It appears Plaintiff is requesting Defendants to produce all ADC policies or directives, which have not already been produced, concerning the use of force; how cell extractions should be conducted; when shake downs are authorized and how they should be conducted; and how and when restraints should be used to control inmates.

At this time, it is unknown whether: (1) any responsive policies or directives exist; (2) any of that information is included in the use of force policy already provided to Plaintiff; and (3) legitimate security concerns prevent Defendant from providing all or some of that information to Plaintiff.

Thus, Defendant must file, **within fourteen days of the entry of this Order**, a Supplemental Response to the Motion to Compel that: (1) explains whether the ADC has any policies or directive (other than the use of force policy already produced to Plaintiff) on the planned use of force, cell extractions, shake downs, and the proper

use of restraints; and (2) contains copies of any such policies or directives, which may be filed under seal if necessary; and (3) clarifies whether there are legitimate security concerns that prevent Plaintiff from having that information.[2]

## C. Interrogatory 6

In this discovery request, Plaintiff asked Defendant to "identify each person involved with the incident and each person notified of the incident, including duties and responsibilities." *Id. at 5*. Defendant answered: "I do not know the answer to this interrogatory." *Id.*

The Court concludes that the interrogatory, although over broad and vague, seeks relevant information about the individuals who were present during the November 18, 2012 incident. In contrast, Plaintiff's request for information about individuals who may have investigated the incident, after it occurred, is improperly because it seeks irrelevant information.

Thus, the Motion to Compel is granted in part as to this discovery request. Defendant must produce, **within fourteen days of the entry of this Order**, the names and titles of all individuals who were: (1) present during the November 18, 2012 shake down of Plaintiff's cell; (2) observed Defendant Kelley use force against

---

[2] If there are any legitimate security concerns, Defendant must explain which specific portion of the documents should remain confidential and whether the security concerns can be alleviated by redacting those specific parts of the documents.

Plaintiff during that incident; or (3) treated or observed any injuries Plaintiff sustained during that incident.

### D.  Interrogatory 9

Plaintiff asked Defendant to "identify any ADC Record Retention policy and produce a copy." *Doc. 50 at 6.* Defendant answered by giving Plaintiff a copy of Incident Report 2012-11-106 and the ADC Use of Force Policy. While Defendant's answer is nonresponsive to the extent that it does not identify, produce, or object to the production of the ADC's *record retention policy,* the real problem lies with the subject matter of this interrogatory. Plaintiff has *not* alleged that ADC officials failed to properly retained records relevant to his excessive force claim. Thus, the Motion to Compel is denied as this interrogatory because it seeks irrelevant information.

### E.  Request for Production 7

Plaintiff asked Defendant to produce an "exhaustive index of Procedural Statements of the ADC and Cummins Unit." *Id. at 6.* Defendant answered: "I do not know what this request is seeking." *Id.* The Court shares Defendant's confusion over what Plaintiff means in asking for an index of "Procedural Statements of the ADC and Cummins Unit." Thus, the Motion to Compel is denied as to this discovery request because it is vague, over broad, and seeks irrelevant information.

**F.     Interrogatory 4, Interrogatory 5, & Request for Production 2**

In these discovery requests, Plaintiff asked Defendant to: (1) to identify all documents he intends to use to defend this case and introduce at trial; and (2) identify and produce any statements given about the November 18, 2012 incident. Defendant answered that he either did not know or did not currently have that information. The Court reminds Defendant of his obligation, under Fed. R. Civ. P. 26(e), to supplement his responses to these discovery requests *as soon as the information becomes available*, but no later than the May 1, 2014 discovery deadline. Defendant's failure to do so will result in him not being able to use those documents at trial. *See* Fed. R. Civ. P. 37(b)(2)(A).

## II. Conclusion

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Compel (Doc. 50) is GRANTED IN PART and DENIED IN PART as specified herein.

Dated this 24th day of April, 2014.

_____
UNITED STATES MAGISTRATE JUDGE