**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BERRY MORROW,
ADC # 143825                                                                                      PLAINTIFF

V.                                       5:13CV00098 SWW/JTR

DAVID KELLEY, Lieutenant,
Cummis Unit, ADC, et al.                                                                      DEFENDANTS

**ORDER**

Pending before the Court are Plaintiff's Motion for Reconsideration and Motion to Appoint Counsel. *Docs. 56 & 60.* After review of the pleadings, and for the reasons stated hereafter, the Court concludes that both Motions should be denied.

On March 24, 2014 Plaintiff filed a Motion to Compel. *Doc. 50.* On April 24, 2014 the Court entered an Order which granted that motion in part and denied it in part. *Doc. 55.* On April 30, 2014 Plaintiff filed a motion asking the Court to reconsider its denial of certain requests to compel. *Doc. 56.*

In his Motion to Compel, Plaintiff asked the Court to compel Defendant to produce an "exhaustive index of Procedural Statements of the ADC and Cummins Unit." *Doc. 50 at 6.* The Defendant responded to this request by arguing that he did not understand what information Plaintiff was seeking. *Id.* Per its Order, the Court concluded that it shared Defendant's confusion and, accordingly, denied this

-1-

discovery request as vague, over broad, and seeking irrelevant information. *Doc. 55 at 5.* Now, per his Motion for Reconsideration, Plaintiff argues that the ADC maintains Administrative Regulations which explain "Regulations, Directives, and Memoranda." *Doc. 56 ¶ 1.* He further states that "Procedural Statements"[1] are contained within each. *Id. ¶ 2.* Finally, he argues that a "unit policy" exists wherein each unit's warden interprets these "Procedural Statements." *Id ¶ 3.* Plaintiff may be correct, but he has still failed to identify the specific "Procedural Statements" he desires. Nor does he explain what relevance those specific "Procedural Statements" have to his current allegations. Accordingly, the Court concludes that this request remains vague and over broad.

Next, Plaintiff argues that his requests for information concerning policies regarding the general movement of prisoners are relevant to this action.[2] Specifically, Plaintiff argues that the "vast majority of 'procedures' will be promulgated there" and "additional or heightened procedures will be listed elsewhere." *Doc. 56 ¶ 5.* It is unclear what specific 'procedures' Plaintiff is referring to or how those 'procedures'

---

[1]The Court notes that Plaintiff argues that the term "procedural statements" is used on a "daily" basis within the prison system. *Doc. 56 ¶ 10.* Plaintiff contends that, therefore, Defendant should not have been confused as to its meaning. *Id.* Plaintiff provides no evidence to substantiate this claim. Moreover, the prevalence of a particular phrase is not an ironclad guarantee that a party will understand its meaning in every context.

[2]The Court previously denied these requests as irrelevant. *Doc. 55 at 2-3.*

are relevant to this action. In the absence of specifying information, the Court declines to alter its initial ruling.

Plaintiff argues that his request for the identities of the incident investigators is relevant because the information obtained from them may lead him to relevant information.[3] *Doc. 56 ¶ 6.* The Court disagrees. Plaintiff has failed to specify what information might be obtained from these investigators or how that information might be relevant to his claims. The Court finds the vague assertion that the investigators' identities "may lead him to relevant information" unconvincing.

Plaintiff argues that his request that the Defendant "identify any ADC Record Retention policy and produce a copy" is not irrelevant.[4] *Id. ¶ 9.* Specifically, he argues he cannot allege a failure to retain relevant records if he is unfamiliar with ADC policies governing record retention. *Id.* The Court, as previously stated, finds this request to be irrelevant. Plaintiff has not heretofore alleged a failure to retain records, and it is now too late to do so. Defendants' discovery and dispositive motion deadlines have passed. *See Doc. 53.* Moreover, such a claim would, at most, amount to a failure to follow ADC policy which is not actionable under 42 U.S.C. § 1983.

Finally, Plaintiff asks for a discovery extension so that he may "follow up with

---

[3]The Court previously denied this request as irrelevant. *Doc. 55 at 4.*

[4]The Court previously held them to be irrelevant on the basis that a failure to retain proper records was not a claim in this action. *Doc. 55 at 5.*

requests." *Doc. 56 at 3.* The Court finds that this request should be denied. Plaintiff has been afforded ample time to follow up on those requests which the Court allowed to proceed. Additionally, Defendants have filed, at the Court's direction, a Supplemental Response to Motion to Compel (Doc. 57) which addresses those responses which were found to be incomplete.[5] As such, the Court finds no basis for extending Defendant's discovery deadline.

Based on the foregoing, the Court finds that Plaintiff's Motion for Reconsideration (Doc. 56) should be DENIED.

Also Pending before the Court is Plaintiff's Motion to Appoint Counsel (Doc. 60). The Court has already denied three of Plaintiff's earlier requests for the appointment of counsel. *See Docs. 11, 31, & 37.* Plaintiff has failed to offer a convincing rationale for reconsideration of those earlier rulings. The Motion is therefore DENIED.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for Reconsideration (Doc. 56) is DENIED.

2. Plaintiff's Motion to Appoint Counsel (Doc. 60) is DENIED.

---

[5] The Court also accepts Defendant's rationale for providing the following policies only under seal: "Cell Extraction Team", "Use of Chemical Agents and Other Non-Lethal Weapons", and "Use of Restraints and Use of Stun Guns/Shields."

Dated this <u>15th</u> day of August, 2014.

                                                _____
                                                UNITED STATES MAGISTRATE JUDGE