**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BERRY MORROW,
ADC # 143825                                                                                          PLAINTIFF

V.                                    5:13CV00098 SWW/JTR

DAVID KELLEY, Lieutenant,
Cummis Unit, ADC, et al.                                                                        DEFENDANTS

## ORDER

Pending before the Court are Plaintiff's Motion to Compel and For Extension of Time ("Motion to Compel") and Motion to Inform. *Docs. 65 & 67.*

Plaintiff filed a Motion to Compel on July 9, 2014. In it, Plaintiff complained that he had not been allowed to view video footage relevant to his allegations and that he had been denied "reasonable access" to certain legal documents and the prison law library. *Doc. 65 ¶ 4-5.* He also asked for an extension of time to respond to Defendant's Second Motion for Summary Judgment (Doc. 61). *Id. ¶ 5.*

Defendant filed a Response in Opposition (Doc. 66), in which he contends that Plaintiff had been afforded an opportunity to view the video tape in question and that he had been provided with regular access to both the law library and the requested

-1-

legal documents. *Doc. 66 ¶ 4-5*. A supporting declaration signed by Plaintiff[1] and a "Supply History Report" were appended in support of both of Defendant's contentions. *Docs. 66-1 & 66-2*. Defendant also states that he does not object to granting Plaintiff's request for an extension of time to respond to the pending motion for summary judgment. *Doc. 66 ¶ 3*.

On July 22, 2014 Plaintiff filed a Motion to Inform (Doc. 67) in which he argues that he had not been allowed to see *all* relevant video footage of the alleged incident. *Doc. 67*. Specifically, he argues that he has not been afforded a viewing of the footage from the "hand-held" camera used during cell extractions. *Id. ¶ 3*. He also states that footage may exist for the "shower area" he was taken to after the alleged incident. *Id. ¶ 4*. Finally, he states that his viewing of the footage that was provided was hampered by his inability to zoom, rewind, or take notes. *Id. ¶ 6*.

Defendant filed a second Response in Opposition[2] (Doc. 69) which states that Plaintiff had been afforded an opportunity to view the only existing footage. *Doc. 69 ¶ 3*. Defendant also states that Plaintiff has been allowed frequent access to the law library and, if he requires certain documents not readily available to him, he should

---

[1] Plaintiff, per his Reply to Defendant's Response, now alleges that he was "coerced" into signing the declaration prior to viewing the footage. *Doc. 70 ¶ 1*. Plaintiff does not specify who coerced him or what methods they used to do so.

[2] This Response also addresses Plaintiff's Motion for Order (Doc. 68). The Court will address that Motion in a separate order.

specifically request those documents.

After review of the pending motions and all relevant pleadings, the Court has determined that it requires additional information before it is able to rule on the pending motions. As noted above, Plaintiff contends that footage exists which he has not been allowed to view. Plaintiff distinguishes between the "hallway" footage of the incident and the "hand-held" footage. *Doc. 67 ¶ 2-3.* He claims to have seen the former, though he was not able to pause or zoom in order to fully examine it. He also claims to have been denied any viewing of the latter. *Id. ¶ 2, 6.* Defendant also claims that footage of "the shower area" may exist which he has not seen. *Id. ¶ 4,8.*

For his part, Defendant does not specify whether "the videotape" Plaintiff has been allowed to see shows what took place in both the "hallway" and the "shower area," and whether there is any "hand-held" video of the cell extraction. Defendant is also silent as to whether Plaintiff was allowed to pause, rewind, or zoom the footage he was allowed to review or whether performing those functions is possible.

Based on the foregoing, the Court directs Defendant to submit additional information on the matter. Within **fourteen (14) days of the entry of this Order**, Defendant shall submit a short, supplemental response explaining precisely what footage Plaintiff was allowed to view (i.e. the "hallway" camera footage, the "hand-held" camera footage, the "shower area" footage). The supplement will also indicate

how much time Plaintiff was allowed to spend in his review of the footage and whether he was allowed to pause, rewind, zoom or otherwise control the footage during that review. Finally, if he has not already done so, Defendant must promptly provide the Court with a copy of all available video relevant to any aspect of Plaintiff's excessive force claim.

IT IS THEREFORE ORDERED THAT:

1. Within **fourteen (14) days** of the entrance of this Order, Defendant shall file a Supplemental Response which provides all of the foregoing information.

Dated this 15th day of August, 2014.

/s/ J. Thomas Ray
UNITED STATES MAGISTRATE JUDGE