**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | |
|---|---|
| **BERRY MORROW,** ADC # 143825 | **PLAINTIFF** |
| V.   5:13CV00098 SWW/JTR | |
| **DAVID KELLEY,** Lieutenant, Cummins Unit, ADC, et al. | **DEFENDANTS** |

## ORDER

Pending before the Court are Plaintiff's Motion to Compel and for Extension of Time ("Motion to Compel") and Motion to Inform. *Docs. 65 & 67.* These motions concern Plaintiff's ability to view available video evidence which is relevant to his claims in this action. The Court initially addressed these motions in its August 15, 2014 Order (Doc. 73), but found that it required a supplemental response from Defendants in order to rule on Plaintiff's motions. Defendants have now submitted that response. *Docs. 74 & 75*.

Pursuant to Defendants' second supplemental Response, they contend that Plaintiff has been afforded a complete opportunity to watch all available video evidence. *Doc. 75 at 1*. In support of this contention, they offer a signed declaration from Plaintiff which states that his complaints regarding access to video evidence have been entirely resolved. *Doc. 75-1 at 1*. Accordingly, the Court find its

-1-

appropriate to deny Plaintiff's Motion to Inform (Doc. 67) as moot, and to deny in part and grant in part Plaintiff's Motion to Compel (Doc. 65). Plaintiff's Motion to Compel is denied as moot insofar as it contends that he has not been afforded an opportunity to review all relevant video evidence.[1] Plaintiff's Motion to Compel is granted insofar as it asks for an extension of time to reply to Defendants' Motion for Summary Judgment (Doc. 61).

Plaintiff will have **thirty (30) days** from the date of this Order to file a Response to Defendant's Motion for Summary Judgment.[2] Plaintiff's Response should include his legal arguments, as well as affidavits,[3] prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. Pursuant to Local Rule 56.1, Plaintiff must *also separately* file a Statement of Disputed Facts, which lists: (a) any disagreement he has with the specifically numbered factual assertions in Defendants' Statement of Undisputed Facts (Doc. 63); and (b) any other disputed facts that he believes must be resolved at a

---

[1] The Motion to Compel also briefly restates Plaintiff's claims regarding inadequate access to the law library and inadequate lighting in his cell. *Doc 65 at 1*. Plaintiff does not specify what relief he seeks for these alleged inadequacies. Regardless, the Court has already addressed these claims in its earlier order denying Plaintiff's Motion for Order (Doc. 68). *See Doc. 71*.

[2] Per their Response, Defendants state that they do not object to any extension of time this Court deems necessary. *Doc. 74 at 2*.

[3] The affidavit must be based upon the personal knowledge of the person executing the affidavit *and must be either*: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

hearing or trial.[4]

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Compel and for Extension of Time (Doc. 65) is DENIED in part and GRANTED in part.

2. Plaintiff's claims regarding access to available video evidence are DENIED as MOOT.

3. Plaintiff will be granted **thirty (30) days** from the date of this Order to file a Response to Defendants' Motion for Summary Judgment (Doc. 61) which complies with the instructions set forth in this Order.

4. Plaintiff's Motion to Inform (Doc. 67) is DENIED as MOOT.

Dated this 4th day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] If Plaintiff disputes any of the facts in Defendants' Statement of Undisputed Facts, he *must identify* each numbered paragraph that contains the facts he disputes *and,* for each paragraph, explain *why* he disputes those facts.